JS 44 (Rev. 08/17)

**CIVIL COVER SHEET**

17-Cv-3419

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
George Goodritz

**DEFENDANTS**
Patriot Parking, Inc.

**(b)** County of Residence of First Listed Plaintiff   Montgomery County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Franklin J. Rooks Jr., Esq. and Jared A. Jacobson, Esq. Jacobson & Rooks, LLC. 525 Rt. 73 N., Suite 104, Marlton, NJ 08053. (856) 874-8999

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 12101, et seq. Americans with Disabilities Act
Brief description of cause:
Title III Public Accommodation Discrimination

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  07/27/2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

AUG 01 2017

# UNITED STATES DISTRICT COURT

**17 3419**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 222 Cantubury Court Blue Bell PA 19422

Address of Defendant: 2215 Walnut Street Philadelphia PA 19103

Place of Accident, Incident or Transaction: 1305 Walnut Street Philadelphia PA 19107
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☑

Does this case involve multidistrict litigation possibilities?  Yes☐ No☑
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
(Please specify) Americans with Disabilities Act

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, Franklin J. Rooks Jr., counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☑ Relief other than monetary damages is sought.

DATE: 7-28-2017  Attorney-at-Law  Attorney I.D.# 309162 PA

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7-28-2017  Attorney-at-Law  Attorney I.D.# 309562 PA

CIV. 609 (5/2012)

AUG 01 2017



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

George Goodritz

v.

Patriot Parking Inc

:
:
:
:
:

CIVIL ACTION

NO. 17     3419

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.

| 7·28·2017 | Franklin J. Rooks Jr | Plaintiff |
|-----------|----------------------|-----------|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 856 874 8999 | 856 494 1707 | frooks@jacobsonrooks.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

AUG 01 2017

Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
925 Route 73 North
Suite 104
Marlton, NJ 08053
fjrooks@jacobsonrooks.com
(856) 874-8999
(856) 494-1707*fax*                                Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE GOODRITZ** | : No. | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **PATRIOT PARKING, INC.** | : | |
| | : **COMPLAINT** | |
| | : | |
| Defendant | : | |

### PRELIMINARY STATEMENT

George Goodritz (the "Plaintiff"), by and through his counsel, brings this lawsuit against

Patriot Parking, Inc., seeking all available relief under the Americans with Disabilities Act

for its failure to comply with the Act's accessibility requirements. Plaintiff is seeking

injunctive relief requiring the Defendant to remove the accessibility barriers which

exist at its parking facility. The allegations contained herein are based on personal

experience of the Plaintiff.

## I.  JURISDICTION

1.  This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*

2.  This civil controversy arises under the laws of the United States, and jurisdiction in conferred upon this District Court, pursuant to 28 U.S.C. §1331.

## II.  VENUE

3.  All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

4.  Venue is proper in this judicial District as provided by 28 U.S.C. §1391(b).

## III.  PARTIES

5.  Plaintiff is a 69 year-old adult male who currently resides in Montgomery County, Pennsylvania.

6.  Plaintiff is a disabled individual.

7.  Patriot Parking, Inc., (the "Defendant") is a domestic corporation registered with the Pennsylvania Department of State under entity identification number 2546255.

8.  Defendant has a business address of 2215 Walnut Street, Philadelphia, Pennsylvania 19103.

## IV.    STATEMENT OF FACTS

*The Parking Facility*

9.  The Defendant operates a public parking garage located at 1305 Walnut Street, Philadelphia, Pennsylvania 19107 (the "Parking Facility").

10. For a fee, an individual can park a vehicle in the Parking Facility at the prevailing market rates.

11. The Parking Facility has approximately 450 parking spaces.

12. The Parking Facility is open 24 hours a day.

13. The Parking Facility does not have any handicap-accessible parking spaces for a car.

14. The Parking Facility does not have any handicap-accessible parking spaces for vans.

15. None of the parking spaces have any handicap-accessibility signs designating the parking spaces as being handicap accessible.

*The Plaintiff*

16. The Plaintiff is a disabled individual within the meaning of the ADA.

17. The Plaintiff has difficulty walking.

18. The Plaintiff possesses a handicapped parking placard issued by the Commonwealth of Pennsylvania.

19. The Plaintiff's handicapped parking placard permits his to park his vehicle in spaces designated as being handicap-accessible.

20. When the Plaintiff travels to Philadelphia, he is often unable to find parking on the streets.

21. Plaintiff parks in a parking garage or parking lot when on-street parking is not available.

22. The Plaintiff is deterred from patronizing the Parking Facility because of its' lack of usable handicap-accessible parking places.

## THE AMERICANS WITH DISABILITIES ACT

23. Congress enacted the Americans with Disabilities Act ("ADA") in 1990 with the purpose of providing "[a] clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "[c]lear, strong, consistent,

enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b).

24. The ADA provides a private right of action for injunctive relief to "any person who is being subject to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

25. Under the ADA, a disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

26. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.

27. "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

28. A "public accommodation" are private entities whose operations affect commerce. See 42 U.S.C. § 12181(7).

29. In relevant part, Title III requires that the facilities of a public accommodation be "readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable." 42 U.S.C. § 12183(a)(1).

30. Discrimination under the ADA includes the failure to remove architectural barriers where such removal is easily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

31. "Readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. 28 C.F.R. § 36.104.

32. Under Title III, places of public accommodation and commercial facilities that are newly constructed for occupancy beginning after January 26, 1992, must be "readily accessible to and usable by" individuals with disabilities. 28 C.F.R. § 36.401(a) (1).

33. Facility" means all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 C.F.R. § 35.104.

34. Existing facilities whose construction predates January 26, 1992, must meet the lesser "barrier removal standard," which requires the removal of barriers wherever it is "easily accomplishable and able to be done without undue burden or expense." 28 C.F.R. § 36.304(a).

35. March 15, 2012 was the compliance date for using the 2010 ADA Standards for program accessibility and barrier removal.[1]

36. Under the ADA, businesses or privately owned facilities that provide goods or services to the public have a continuing obligation to remove accessibility barriers in existing parking lots when it is readily achievable to do so.

---

[1] https://www.ada.gov/2010ADAstandards_index.htm

*Accessible Parking under the ADA*

37. The 1991 implementing rules and the 2010 revisions to the ADA set forth the following

requirements for handicap-accessible parking spaces:[2]

| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of Required Accessible Parking Spaces |
|---|---|
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |
| 76 to 100 | 4 |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 401 to 500 | 9 |
| 501 to 1000 | 2% of the total number of parking spaces |
| More than 1001 | 20, plus 1 for each 100 parking spaces over 1000 |

38. The ADA requires that handicap-accessible parking spaces be at least 96 (ninety-six)

inches wide. See Appendix A to Part 36- Standards for Accessible Design, 28 C.F.R.

Part 36.[3]

39. The width of a parking space is measured from the center of each parking line bordering

the parking space.[4] **(See Exhibit A)**

40. The ADA requires that there be an access isle for the handicap-accessible parking space

that is at least 60 (sixty) inches wide. **(See Exhibit A)**

---

[2] https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#pgfId-1010282
[3] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements
[4] Id.

41. The 2010 ADA regulations state that one in every six accessible spaces must be van accessible.[5]

42. In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility.[6]

43. Creating designated accessible handicap spaces is just one example of a barrier removal. 28 C.F.R. § 36.304(b)(18).

44. The restriping/repainting of the parking space borders in relatively inexpensive, and should be readily achievable and easily accomplishable.[7]

*Valet Parking*

45. The 1991 Standards of the ADA and the 2010 Standards of the ADA require parking facilities that provide valet parking services to have an accessible passenger loading zone.[8]

46. The 2010 ADA Standards require that facilities which offer valet parking also provide accessible parking spaces.[9]

47. Facilities with valet parking must have an accessible passenger loading zone that has an access aisle that is a minimum of 60 (sixty) inches wide and extends the full length of the vehicle pull-up space. **(See Exhibit B)**

---

[5] Id.

[6] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.3

[7] https://www.ada.gov/restripe.pdf

[8] https://www.ada.gov/regs2010/titleIII_2010/reg3_2010_appendix_b.htm

[9] https://www.ada.gov/regs2010/titleIII_2010/reg3_2010_appendix_b.htm

48. The 1991 ADA Standards and the 2010 ADA Standards both require a passenger loading zone to have a vehicle pull-up space that is a minimum of 96 (ninety-six) inches wide and a minimum of 20 (twenty) feet in length.[10] (**See Exhibit B**)

49. The passenger loading zone must be located on an accessible route to the entrance of the facility.[11]

*Signage and the ADA*

50. The ADA standards require the use of the International Symbol of Accessibility (ISA) to identify parking spaces which are reserved for use by individuals with disabilities.[12] (**See Exhibit C**)

51. Handicap-accessible parking spaces must be designed as "reserved" by a showing the ISA.

52. The ISA must be used to identify accessible passenger loading zones.

53. Directional signage must be used at inaccessible entrances to provide directions to the nearest accessible route.

54. Parking space identification signs shall be 60 (sixty) inches minimum above the finish floor or ground surface measured to the bottom of the sign.[13]

## COUNT I –

## FAILURE TO PROVIDE HANDICAP-ACCESSIBLE PARKING SPACES

55. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

---

[10] https://www.ada.gov/regs2010/titleIII_2010/reg3_2010_appendix_b.htm
[11] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.6.6
[12] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.1
[13] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements

56. The Parking Facility is a public accommodation as defined by ADA.

57. The Parking Facility is subject to Title III of the ADA.

58. The Plaintiff is a disabled individual within the meaning of the ADA.

59. The United States Supreme Court recognized the term "major life activities" includes walking. Bragdon v. Abbott, 524 U.S. 624, 638–39 (1998).

60. The major life activity that the constitutes the Plaintiff's disability is his difficulty walking distances.

61. The Parking Facility is served by an elevator to reach each of its 5 levels.

62. The Parking Facility does not have any handicap-accessible parking spaces.

63. The Parking Facility does not have any handicap-accessible parking spaces near the elevator on each parking level.

64. The Defendant can remedy its non-compliance with the ADA's parking requirements providing handicap-accessible parking spaces for cars.

65. The Defendant can remedy its non-compliance with the ADA's parking requirements by providing a van-accessible handicap parking space for vans.

WHEREFORE, Plaintiff seeks to injunctive relief to require the Defendant to comply with the Americans with Disabilities Act, together with costs and mandatory attorneys' fees under as provided by 42 U.S.C. § 12005, and such other legal and equitable relief from Defendant as the Court deems just and proper.

## COUNT II –

## FAILURE TO PROVIDE A HANDICAP-ACCESSIBLE PASSENGER LOADING AREAS AND ACCESS LANES

66. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

67. In some instances, customers are required to leave their vehicle keys with the parking attendant so that the attendant can jockey vehicles within the Parking Facility to squeeze in and park as many vehicles as possible.

68. The Parking Facility does not have any marked accessible passenger loading zones.

69. The Parking Facility does not have a marked access aisle that is 60 (sixty) inches wide that is adjacent to the vehicle pull-up space for entry and/or exit of the vehicle when an attendant parks or retrieves a customer's vehicle.

70. The Parking Facility does not have a passenger loading zone with a vehicle pull-up space that is a minimum of 96 (ninety-six) inches wide and a minimum of 20 (twenty) feet in length.

71. The Parking Facility's failure to comply with the parking accessibility requirements of the ADA has created an accessibility barrier for the Plaintiff, and other similarly situated disabled individuals.

72. The Defendant can remedy its non-compliance with the ADA's parking requirements by creating a marked accessible passenger loading zones.

73. Compliance with the ADA's parking requirements at the Parking Facility is readily achievable.

74. The Defendant's failure to comply with the ADA has denied the Plaintiff the full and equal enjoyment of the parking offered by the Parking Facility.

WHEREFORE, Plaintiff seeks to injunctive relief to require the Defendant to comply with the Americans with Disabilities Act, together with costs and mandatory attorneys' fees under as provided by 42 U.S.C. § 12005, and such other legal and equitable relief from Defendant as the Court deems just and proper.

## COUNT III-

## FAILURE TO COMPLY WITH THE SIGNAGE REQUIRMENTS UNDER THE ADA

75. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

76. The Parking Facility does not have any handicap-accessible parking signs.

77. The Parking Facility does not have any van-accessible handicap-accessible parking signs.

78. The Defendant can remedy its non-compliance by installing handicap-accessible parking signs which identify the parking spaces reserved for disabled individuals.

79. The Defendant has discriminated against the Plaintiff by its failure to comply with the ADA handicap-accessible parking requirements.

WHEREFORE, Plaintiff seeks to injunctive relief to require the Defendant to comply with the Americans with Disabilities Act, together with costs and mandatory attorneys' fees under as provided by 42 U.S.C. § 12005, and such other legal and equitable relief from Defendant as the Court deems just and proper.

Respectfully submitted,
By: FJR5566

Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorneys for Plaintiff*
Dated: July 28, 2017

## CERTIFICATE OF SERVICE

I, Franklin J. Rooks Jr., certify that I served Plaintiff's Complaint via the Court's ECF

system.


By: FJR5566

Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorneys for Plaintiff*
Dated: July 28, 2017

# EXHIBIT A

(Source:https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-parking#spaces)



*Access Aisle (§502.3)*
An access aisle at least 60" wide and at least as long as the parking space is required on either side of the parking space and must be marked to discourage parking in it. Two spaces can share one aisle. Access aisles cannot overlap vehicular ways.

*Vehicle Spaces (§502.2)*
Spaces must be marked to define the 96" minimum width.

*Surfaces (§502.4)*
Parking spaces and access aisles must meet requirements for floor and ground surfaces (§302) and cannot have changes in level other than slopes not exceeding 1:48.

*Markings (§502.1, §502.2, §502.3.3)*
Both the parking space and access aisle must be marked. The marking method and color is not specified in the Standards, but may be addressed by state or local codes or regulations. The width of spaces and aisles is measured to the centerline of markings (but it can include the full width of lines where there is no adjacent parking space or aisles).

## **EXHIBIT B**

Source: https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-passenger-loading-zones

**Access Aisle (§503.3)**
A marked access aisle is required next to, and at the same level as, the vehicle pull-up space. The access aisle must be at least 60" wide, extend the full length of the vehicle pull-up space, adjoin an accessible route, and cannot overlap vehicular ways. The marking method and color is not specified.

**Vehicle Pull-Up Space (§503.2)**
The vehicle pull-up space must be at least 96" wide and at least 20' long.



**Surfaces (§503.4)**
Vehicle pull-up spaces and access aisles must meet requirements for ground and floor surfaces (§302) and cannot have changes in level other than slopes not steeper than 1:48. Curb ramps cannot overlap access aisles or vehicle pull-up spaces.

**Vertical Clearance (§503.5)**
A vertical clearance of 114" is required at the vehicle pull-up space and access aisle and along a vehicular route connecting them to a vehicle entrance and exit.

Accessible passenger loading zones are not required to be identified by the International Symbol of Accessibility.

**EXHIBIT C**

# Figure 3B-22.  International Symbol of Accessibility Parking Space Marking



Height of symbol:
Minimum = 28 inches
Special = 41 inches

Width of symbol:
Minimum = 24 inches
Special = 36 inches

★ Stroke width:
Minimum = 3 inches
Special = 4 inches

Note: Blue background and
white border are optional